IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES SMALL
BUSINESS ADMINISTRATION                                                    PLAINTIFF

v.                                                             CAUSE NO. 1:13CV242-LG-JMR

LYNN E. NELSON                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [10] for Summary Judgment filed by the plaintiff, the United States Small Business Administration. Defendant Lynn E. Nelson has responded. The SBA filed this action for ejectment seeking possession of Nelson's property in Diamondhead, Mississippi, which it obtained at a foreclosure sale. Nelson, proceeding pro se, argues that the sale was defective for a number of reasons. After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact. The SBA is entitled to judgment as a matter of law, and will be awarded possession of the property.

BACKGROUND

The SBA was the holder and owner of a Note dated September 20, 2006, executed by Nelson. The Note was secured by a Deed of Trust on Nelson's property at 23107 Coelho Way, Diamondhead, Mississippi.[1] The Deed of Trust was recorded in Hancock County, Mississippi. The SBA's Deed of Trust was second in priority,

---

[1] The legal description of the property is Lot 54, Block 1, Amended Plat of Unit 3, Diamondhead, Phase 1 as per map or plat thereof on file and of record in the office of the Chancery Clerk of Hancock County, Mississippi.

behind a Deed of Trust previously recorded in favor of The People's Bank.

Nelson defaulted on the People's note, and the property was offered for sale under the terms of the People's Deed of Trust. At the public sale on February 2, 2011, the People's Bank was the highest bidder, and the SBA was declared to be the purchaser of the Nelson property. A Trustee's Deed conveying the property to the SBA was recorded in Hancock County on February 8, 2011. The SBA has demanded that Nelson vacate the property, but she continues to reside there.

In this lawsuit, the SBA seeks an order 1) awarding possession of the property to itself, 2) issuing a Writ of Assistance authorizing and directing the United States Marshal to remove Nelson and her possessions from the property, and 3) granting a judgment against Nelson for the costs of the action.

## DISCUSSION

In order to recover possession of real property in an action of ejectment, the plaintiff must have title to the property as well as the right of possession. *Hudson v. Bank of Edwards*, 469 So. 2d 1234, 1238 (Miss. 1985). The documents submitted by the SBA establish that it has title to and right of possession of the Diamondhead property. The Trustee's Deed recites that the Trustee offered the property for sale "at public outcry at the County Courthouse for Hancock County . . . to the highest and best bidder for cash." (Pl. Mot. Ex. D 1, ECF No. 11-4). The highest and best bid was made by The People's Bank for $21,500. People's apparently assigned its interest to the SBA, because the Trustee's Deed conveys the Diamondhead property

to the SBA.[2] (*Id*. at 2). "A deed made by a trustee will be presumed, prima facie, to have been made after compliance with its requirements of notice, of time, place, and terms of sale." *Chandler v. Bank of Brooksville*, 178 So. 797, 799 (1938). By the Trustee's Deed, the SBA acquired all of The People's Bank's rights and title to the foreclosed property.

Nelson first disputes that her property was offered for sale. She contends that the notice of foreclosure addresses a People's Bank home equity line of credit loan, not the mortgage on the Diamondhead parcel. Nelson refers to her Exhibit A, the first page of which is the Trustee's Notice of Sale. (ECF No. 13-1). This notice states that the property to be sold was the Diamondhead property; the legal description matches the Deed of Trust provided by the SBA. The remainder of Nelson's Exhibit A are documents pertaining to a home equity line of credit, showing that it had been paid in full in February 2011. None of these documents support Nelson's argument that The People's Bank actually foreclosed on the home equity line of credit rather than the mortgage on the property.

Nelson further contends that a People's Bank loan officer told her that the SBA "took the loans" prior to the sale; no bids were taken. This allegation is unsupported by evidence, and it conflicts with the presumption that the Trustee's Deed shows that the trustee complied with all requisites of sale.

---

[2] The People's Bank also provided a Quitclaim Deed to the SBA, transferring any interest it might have acquired by virtue of the Trustee's Deed. (Pl. Mot. Ex. E, ECF No. 15-1).

Nelson also seems to contend that the SBA failed to inform her that it had foreclosed on its own note. She expected to have her People's Bank loan and the SBA loan combined into a new monthly payment due to the SBA, and wishes the Court to enforce this expectation.

The SBA did not foreclose on its note. Under Mississippi law, the SBA's rights under its junior note were extinguished when The People's Bank's senior note was foreclosed upon. *See Guaranty Mortg. Co. of Nashville v. Seitz*, 367 So. 2d 438, 443 (Miss. 1979); *Weir v. Jones*, 36 So. 533 (Miss. 1904). The SBA has right and title to the property now only because it was the purchaser of the property at the foreclosure sale. The mortgages on the property no longer exist. Nelson's expectations regarding her repayment options are unfounded and contrary to Mississippi law.

For the foregoing reasons, the Court finds that the SBA is entitled to judgment as a matter of law. The SBA will be awarded possession of the property. Furthermore, as the prevailing party, the SBA is entitled to recover the allowable costs of this action from defendant Nelson. The SBA should file a bill of costs as provided by Local Uniform Civil Rule 54(c).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [10] for Summary Judgment filed by the United States Small Business Administration is **GRANTED**. Possession of the subject property is awarded to the United States Small Business Administration.

**IT IS FURTHER ORDERED AND ADJUDGED** that the clerk of court

shall issue a Writ of Assistance authorizing and directing the United States Marshal to remove Lynn E. Nelson and her property from the house located at 23107 Coelho Way, Diamondhead, Mississippi.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE